IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MELVIN LEE WILSON,

   Petitioner,      No. CIV-S-05-0405 GEB KJM P

 vs.

SCOTT KERNAN,

   Respondent.     FINDINGS AND RECOMMENDATIONS

_____/

   Petitioner is a California prisoner proceeding pro se with an application for writ of habeas corpus under 28 U.S.C. § 2254. Petitioner challenges the execution of his sentence. Petitioner currently earns sentence credit for good behavior at the rate of one day for every day served. He asks that the court order that he receive two days credit for every day served and that this be applied retroactively and prospectively.

   Petitioner's argument in support of his request for "2 for 1" sentence credit is as follows:

   1. Inmates who participate in a program called "fire camp" get 2 for 1 credit;

   2. Because of physical limitations, petitioner cannot participate in "fire camp";

   3. Based on these facts, it is a violation of the Americans with Disabilities Act, 42 U.S.C. Ch. 126 (ADA), and the "Armstrong Remedial Plan" not to give petitioner 2 for 1

1

credits. Pet. at 1-5 (narrative attachment to form petition). By identifying the "Armstrong Remedial Plan," petitioner apparently is referring to an injunction entered by the United States District Court for the Northern District of California in 1996 for violations of the ADA by California state prison officials. See Armstrong v. Wilson, 124 F.3d 1019 (9th Cir. 1997) (affirming injunction).[1]

      Petitioner does not expressly ask in his habeas application that the court order respondent to allow petitioner entry into the "fire camp" program, nor does he assert that he was improperly denied entry into the program. The record before the court indicates that "fire camp" requires the inmates be in good physical shape, as the inmates will be fighting fires. Answer, Ex. B (physical fitness training criteria for fire camp operations). Petitioner is 56, has a serious heart condition, atrophy of his left leg and spinal damage. Pet., Ex. C at 1 (Docket No. 2-4 at 7) & Ex. D (Docket No. 2-4 at 12 passim). In his reply to respondent's answer, petitioner asserts there are jobs at "fire camp" that petitioner could perform such as serving food or providing janitorial services. Traverse at 2. However, petitioner presents no evidence in support of this and nothing suggests that an inmate who performs only janitorial or food service duties at "fire camp" will receive 2 for 1 sentence credit.

      The premise underlying petitioner's argument is that under the ADA he should not be denied the benefits of participating in "fire camp" simply because he is not physically able to participate. However, in the employment context, it is not one of the purposes of the ADA to grant all persons equal benefits despite their physical limitations. If such were the case, for example, the State of California could be made to pay all persons not physically capable of being helicopter pilots as they pay such pilots. Rather, the ADA is supposed to ensure that persons who are otherwise qualified for certain jobs are not unfairly discriminated against because of

---

[1] Exhibit C to respondent's answer is a copy of the "plan." However, the copy provided by respondent includes only the odd numbered pages of the plan. Petitioner has not provided a copy of the plan.

1 their disabilities and that employers make reasonable accommodations to allow disabled persons
2 to perform the tasks required by their jobs.  See 42 U.S.C. § 12112; Bonner v. Lewis, 857 F.2d
3 559, 562-63 (9th Cir. 1988); School Board of Nassau Co. v. Arline, 480 U.S. 273, 287 n.17
4 (1987).  Petitioner has not shown an entitlement to the relief he seeks under either the ADA or
5 the "Armstrong Remedial Plan."

6       For these reasons and because petitioner is precluded from obtaining relief under
7 28 U.S.C. § 2254(a) the court will recommend that petitioner's application for a writ of habeas
8 corpus be denied.

9       Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a
10 writ of habeas corpus (docket no. 1) be denied.

11       These findings and recommendations are submitted to the United States District
12 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
13 days after being served with these findings and recommendations, any party may file written
14 objections with the court and serve a copy on all parties.  Such a document should be captioned
15 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
16 shall be served and filed within ten days after service of the objections.  The parties are advised
17 that failure to file objections within the specified time may waive the right to appeal the District
18 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
19 DATED:  February 29, 2008.

_____
U.S. MAGISTRATE JUDGE

22 1
wils0405.157